UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BARBARA ZINNAMON for
DWIGHT DAVIDSON, JR.,

Plaintiff,

-against-

AMERICAN MAIL ORDER,

Defendant.
-----------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

09-CV-2042 (ARR)

MEMORANDUM
AND ORDER

ROSS, United States District Judge:

By Opinion and Order dated July 22, 2009, I dismissed this complaint brought by Barbara Zinnamon on behalf of her son, Dwight Davidson, Jr. with prejudice. The court had previously advised Ms. Zinnamon and Mr. Davidson that pursuant to 28 U.S.C. § 1654, "parties may plead and conduct their own cases personally or by counsel," and, therefore, Ms. Zinnamon, a non-attorney could not represent or appear on behalf of her son, Dwight Davidson, Jr. in federal court. See Berrios v. New York City Hous. Auth., 564 F.3d 130, 132-33 (2d Cir. 2009) (citing Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998)). I provided Mr. Davidson with an opportunity to file an amended complaint and either pay the $350 filing fee or request *in forma pauperis* status, but instead Ms. Zinnamon filed the amended complaint on behalf of Mr. Davidson again. Thereafter, the court dismissed the case with prejudice and the Clerk of Court entered judgment on July 29, 2009. Mr. Davidson now files a letter dated July 30, 2009, wherein he purports to "give my mother Barbara Zinnamon [permission] to act upon my court cases in which I hold at your court." The court liberally construes this letter a motion for reconsideration or to re-open this action under Rule 59(e) of the Federal Rules of Civil Procedure since it was filed within ten days from the date the judgment was entered. See also Local Civil Rule 6.3.

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied." Herschaft v. New York City Campaign Finance Board, 139 F.Supp.2d 282, 283 (E.D.N.Y. 2001). "A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Id. 139 F.Supp.2d at 284 (internal quotations omitted); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Local Civil Rule 6.3. Here, Davidson's motion fails to establish that the court overlooked a controlling factual matter or legal authority. Instead, Davidson purports to allow his mother, Ms. Zinnamon, to appear on his behalf in violation of 28 U.S.C. § 1654. As I have noted in my prior Orders, Ms. Zinnamon, a non-attorney may not represent or appear on behalf of her son.

## Conclusion

Accordingly, Davidson's motion is denied as Ms. Zinnamon cannot represent or appear on his behalf in this case or any other case filed in this court. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                           s/Allyne R. Ross
                                               Allyne R. Ross
                                               United States District Judge

Dated: August 6, 2009
       Brooklyn, New York